IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JUDY HOUSTON,     PETITIONER

v.     CIVIL ACTION NO.: 3:13CV196-GHD-JMV

STATE OF MISSISSIPPI, et al.,     RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Judy Houston for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she challenges her 1990 pleas and sentences for capital murder and aggravated assault. Respondents have moved to dismiss the petition as time-barred pursuant to § 2244(d), and Houston has responded. This matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

### Discussion

Whether Respondents' motion should be granted turns on the timeliness of Houston's § 2254 petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented

from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

In 1990, in the Circuit Court of Panola County, Mississippi, Houston pleaded guilty to capital murder as an habitual offender and *nolo contendere* to two counts of aggravated assault. On January 12, 1990, Houston was sentenced as an habitual offender to serve a term of life in the custody of the Mississippi Department of Corrections for the capital murder charge.[1] (*See* Respts' Mot. to Dismiss. Ex. A). Houston also entered pleas of *nolo contendere* to two counts of aggravated assault and was sentenced on January 12, 1990, to serve twenty years on each count, with the sentences to run consecutively to each other and consecutively to the life sentence imposed for the capital murder charge. (*Id.*, Exs. A and B).

Houston's convictions became final on February 12, 1990, thirty days after she was

---

[1] Houston was originally convicted of capital murder and sentenced to death, but her conviction was reversed on appeal and remanded for a new trial. *Houston v. State*, 531 So. 2d 598 (Miss. 1988).

2

sentenced on her guilty pleas.[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that a judgment becomes final by the conclusion of direct review or "when the time for seeking further direct review" in state court expires).

Federal habeas applicants, like Houston, whose convictions became final prior to the AEDPA's effective date are entitled to a one-year grace period to file for federal habeas relief. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). AEDPA became effective on April 24, 1996. *Id.* Therefore, Houston must have filed her federal habeas petition, or submitted a "properly filed" application in State court to toll the federal limitations period, on or before April 24, 1997. Houston did not file any post-conviction motions with the Mississippi Supreme Court between April 24, 1996, and April 24, 1997.[3] Accordingly, the tolling provision of § 2244(d)(2) is not applicable in this case.

Houston's federal habeas petition was "filed" sometime between the date it was signed on August 1, 2013, and the date it was received in this Court on August 5, 2013. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is years past the one-year statute of limitations imposed by the AEDPA, which expired in this case

---

[2] At the time Houston entered her guilty plea, Mississippi law allowed an appeal from a guilty plea within thirty days when the issue concerned an alleged illegal sentence. *See, e.g., Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989). This exception no longer applies to guilty pleas taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010).

[3] In 2002, Houston filed a motion for records and transcripts with the Panola County Circuit Court that was denied. (Respts' Mot. to Dismiss, Exs. C and D).

3

on April 24, 1997.

The Court notes that in "rare and exceptional circumstances," the federal limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). In her response to the Respondents' motion to dismiss this action as time-barred, Houston argues that the charges against her stemmed from hearsay and maintains that her sentences are unjust. However, she has not demonstrated that she was actively misled about the cause of action or prevented in some extraordinary way from asserting her rights. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). Additionally, her unfamiliarity with the filing deadline is an insufficient reason to warrant equitable tolling. *See Felder*, 204 F.3d at 172 and n.10; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (finding that equitable tolling is not required simply because a petitioner is ignorant of the law, is unrepresented, or is illiterate). The Court finds that no rare and exceptional circumstances exist in this case, and that equitable tolling is not warranted.[4] Therefore, the instant petition will be dismissed as untimely.

### Certificate of Appealability

A federal habeas petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Houston's petition for writ of habeas corpus is rejected on procedural grounds, she is not entitled to a COA unless she demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

---

[4] In the alternative, the Court finds that Houston's petition should be denied, as she failed to properly exhaust her State court remedies by presenting her claims to the Mississippi Supreme Court prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999); *see also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

4

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, Respondents' "Motion to Dismiss" is **GRANTED**, and the petition filed in this cause is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**, as Houston failed to show her petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 22nd day of August, 2014.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　**SENIOR UNITED STATES DISTRICT JUDGE**